| | |
|---|---|
| DISTRICT COURT,<br>JEFFERSON COUNTY, COLORADO<br>100 JEFFERSON COUNTY PARKWAY<br>GOLDEN, CO 80401 | DATE FILED: May 17, 2017 4:03 PM<br>FILING ID: 3D8206CD35BEE<br>CASE NUMBER: 2017CV30751 |
| **Plaintiff:**   GREEN MOUNTAIN VILLAGE, LLC,<br><br>**v.**<br><br>**Defendant:**   AUTO OWNERS<br>            INSURANCE COMPANY | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff<br>Richard D. Daly, No. 17PPA0166<br>John Scott Black, No. 50440<br>Daly & Black, P.C.<br>2211 Norfolk Street, Suite 800<br>Houston, TX 77098<br>Phone Number:   (713) 655-1405<br>Fax Number:      (713) 655-1587<br>Email:           ecfs@dalyblack.com<br>                 rdaly@dalyblack.com<br>                 jblack@dalyblack.com | Case Number:<br><br>Division:<br><br>Courtroom: |
| **ORIGINAL COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff Green Mountain Village, LLC, by and through its attorneys, Daly & Black, P.C., and for its original complaint against Auto Owners Insurance Company, alleges as follows:

**PARTIES**

1.      Plaintiff, Green Mountain Village, LLC ("Green Mountain") is the beneficiary of a property insurance policy covering the Property issued by Auto Owners Insurance Company. The Property is located in Jefferson County at 12621 through 12651 W Mississippi Ave, Lakewood,

1

**EXHIBIT K**

CO. Green Mountain may be found at its home office located at 2416 Lansdown, Denver, CO 80216.

2. Defendant, Auto Owners Insurance Company ("Auto Club") is an out of State entity. Defendant routinely conducts business in Colorado and can be served via its registered agent, The Division of Insurance, 1560 Broadway, Denver, CO 80202.

## GENERAL ALLEGATIONS

3. Green Mountain was insured by Auto Owners at all times described in this Complaint.

4. Venue is proper in this district pursuant to C.R.C.P. 98 because Green Mountain resided in Jefferson County where it primarily conducts business at all times relevant to this case; all activities alleged herein occurred in Jefferson County; and Auto Owners is licensed to transact business in the State of Colorado.

5. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

6. Green Mountain had a contract of insurance (the "Policy") spanning three policy periods from December 14, 2012 through December 14, 2015. The Policy covered damage caused by hail and wind events to Green Mountain's 5 multi-family, two-story dwelling buildings, which includes 4 detached garages and 2 sheds (the "Property").

7. On or about May 24, 2014, and/or September 29, 2015, or any other time within the Policy's coverage period, a wind and/or hail storm struck the Denver, Colorado, area damaging Green Mountain's property. During the course of the storm, Green Mountain's property was severely damaged. Specifically, the roofing, bitumen, gutters, downspouts, stucco, cedar siding, wood trim, and fiberboard were damaged, among other items.

**EXHIBIT K**

8.     The damage to the Property warrants replacement in its entirety.

9.     Green Mountain presented its claim to Auto Owners in November 2015, claim number 74-3967-2015. Auto Owners assigned the claim to an adjuster, Korrie Cole ("Cole"). Auto Owners investigation revealed hail and wind damage to the Property. The investigation also revealed multiple hail and wind events occurred during the Policy period. However, Auto Owner's investigation pretextually focused solely on two self-serving possibilities: that the alleged damage to the Property either occurred on May 24, 2014—in which case Auto Owners could claim it is prejudiced by a delay in reporting the claim—or occurred sometime prior to the Policy period. Both scenarios, if true, provided Auto Owner's with a self-serving coverage exclusion that its outcome oriented investigation was designed to achieve.

10.    Auto Owners and Cole retained HAAG Engineering to conduct an investigation of the damage to the Property. Auto Owners orchestrated this outcome oriented investigation with HAAG Engineering. Auto Owners directed HAAG to provide conclusions supporting Auto Owner's case for prejudice and/or pre-policy, non-covered losses.

11.    Auto Owners had a duty under the Policy and Colorado law to adjust the claim and conduct a reasonable investigation. Auto Owner's investigation was merely an attempt to establish its right to not pay Green Mountain's claim because of alleged prejudice due to late reporting of the claim. Auto Owners has wrongfully refused to issue payment sufficient to fully repair the damage the storm caused to the Property, failed to address significant areas of damage to the Property, and failed to provide adequate payment for all coverage implicated in Green Mountain's loss.

12.    Auto Owners wrongfully denied Green Mountain's claim for repairs to the Property even though the Policy provided coverage for losses such as those suffered by Green Mountain.

**EXHIBIT K**

Auto Owners also failed to adequately investigate Green Mountain's claim for damages, resulting in significant and unreasonable delays in the handling of Green Mountain's claim.

13. Auto Owners failed to perform its contractual duties to adequately compensate Green Mountain under the terms of the Policy. Specifically, Auto Owners refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Green Mountain. Further, Auto Owners failed to conduct a reasonable investigation of Green Mountain's claim. Auto Owners's conduct constitutes a breach of the insurance contract between Auto Owners and Green Mountain.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**
**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

14. Green Mountain realleges and incorporates by reference allegations 1-13 of this Complaint as if fully set forth herein.

15. Because a contract of insurance existed between Auto Owners and Green Mountain, Auto Owners owed Green Mountain a duty to deal with it fairly and in good faith in performing under the contract.

16. Auto Owners has violated its duty of good faith and fair dealing by, among other things, failing to offer to pay Green Mountain an amount which it otherwise concluded to be a fair and reasonable amount for their losses and by compelling Green Mountain to institute litigation to recover amounts due under the agreement of insurance with Auto Owners. Auto Owners further violated this duty through pretextually conducting an investigation intended to preclude coverage.

17. Auto Owners's behavior constitutes bad faith claims handling at Common Law and in violation of the provisions of C.R.S. §10-3-1104(h)(VII), as well as reckless disregard for the rights of its insured.

**EXHIBIT K**

18. As a result of Auto Owners's actions, Green Mountain has sustained damages and losses in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

19. Green Mountain realleges and incorporates by reference allegations 1-18 of this Complaint as if fully set forth herein.

20. After opening a claim with Auto Owners, Green Mountain provided Auto Owners with proof that its claim significantly exceeded the amount Auto Owners offered to settle Green Mountain's claim. Despite receiving information establishing that Auto Owners underpaid Green Mountain's claim, Auto Owners refused to tender the fair and reasonable value of Green Mountain's claim under the Policy.

21. By failing to honor the promises made to Green Mountain in the Policy, Auto Owners has breached its contract with Green Mountain. As a result of Auto Owners's refusal to honor the terms of the Policy, Green Mountain has suffered damages and losses.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF C.R.S. 10-3-1115 AND 1116)

22. Green Mountain realleges and incorporates by reference allegations 1-21 of this Complaint as if fully set forth herein.

23. At all times pertinent hereto, the following statute of the state of Colorado was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions – severability.**

(1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

**EXHIBIT K**

24. C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

25. Auto Owners has unreasonably denied or delayed payment to Green Mountain in violation of C.R.S. §10-3-1115. Retaining HAAG engineering and directing HAAG to reach self-serving conclusions is unreasonable. Conducting an investigation as a pretext for precluding coverage through an outcome oriented inspection intended to establish prejudice under the Policy or a date of loss outside the Policy period is unreasonable.

26. Auto owners conducted an improper, incomplete, and/or outcome-oriented investigation of the loss thereby damaging Green Mountain by delaying benefits owed them pursuant to the terms of the Policy.

27. Auto Owners is subject to the provisions of C.R.S. §10-3-116 for double damages, court costs, and attorney fees in addition to those claimed elsewhere in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Green Mountain prays for damages against Auto Owners as follows:

1. Damages for breach of contract, including the value of benefits Green Mountain was entitled to receive under the Policy that were not provided; damages for delayed payment; consequential damages; and reasonable interest on delayed payment;

2. Compensatory damages against Auto Owners including economic and noneconomic damages;

3. Double damages, court costs, and reasonable attorneys' fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116;

4. An award of pre-judgment interest, costs, and attorneys' fees where applicable; and

5. Such other and further relief as this Court may deem just, equitable or proper.

**EXHIBIT K**

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted May 17, 2017.

/s/ *Richard Daly*
Richard D. Daly, No. 17PPA0166
John Scott Black, No. 50440
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston TX 77098
Phone Number: 713-655-1405
Fax Number: 713-655-1587
rdaly@dalyblack.com
jblack@dalyblack.com
ecfs@dalyblack.com

Address of Plaintiffs:
2416 Lansdown
Denver, CO 80216

7

**EXHIBIT K**